[S. F. No. 6550.   Department One.—September 30, 1913.]

In the Matter of the Estate of JAMES DALY, Deceased. MATILDA DALY, Contestant, and Appellant; ELIZABETH WEDEMEYER, Proponent and Respondent.

WILL—CONTEST—UNDUE INFLUENCE—DUE EXECUTION—REFUSAL TO REVOKE PROBATE—SUFFICIENCY OF FINDINGS AND EVIDENCE.—On a contest to revoke the probate of a will on the grounds that it was the result of undue influence and was not executed with the formalities prescribed by law, it is held that the findings negativing the existence of any undue influence are sufficient to sustain the judgment upholding the will, and are supported by the evidence, and that the evidence showed that the will was properly executed in all respects.

APPEAL from a judgment of the Superior Court of Sonoma County refusing to revoke the probate of a will.  M. S. Sayre, Judge presiding.

The facts are stated in the opinion of the court.

R. L. Thompson, and S. K. Dougherty, for Appellant.

T. J. Geary, and F. A. Meyer, for Respondent.

SHAW, J.—The will of James Daly, deceased, having been duly admitted to probate, the contestant, Matilda Daly, within a year thereafter, began this proceeding to revoke the

probate thereof. A trial by jury was waived, the court made findings in favor of the validity of the will and thereupon gave judgment against the petitioner and declaring that the will was duly executed and valid. From this judgment the contestant has appealed.

The grounds of the petition to revoke the will were: 1. That the will was not executed with the formalities prescribed by law; 2. That the execution thereof was procured by the undue influence of the proponent, Elizabeth Wedemeyer. . The contention of the appellant is that the findings of the court on these issues are not sustained by the evidence and that as to certain specific facts in issue material to the case, the court made no findings.

The facts upon which it is claimed the court did not make findings all relate to the issue of undue influence. The petition to revoke the will alleged that the will was procured to be made by "the undue influence of the said Elizabeth Wedemeyer in this": and then it proceeds to state that the testator was weak in body and mind and that the respondent, taking an unfair advantage of this weakness, caused him to execute the will and that it was the direct result of her dominating and undue influence over him. It further alleges that he did not at the time have independent legal advice and that the respondent at the time stood in the confidential relation of nurse to the testator and for that reason possessed an undue influence over him. The findings state that testator at the time of executing the will was not of unsound or weak mind, but was competent to make a will, that the respondent did not solicit him to make the will, or in any manner influence him to do so, or influence him at all as to the disposition of his property, that the will was not the product of any undue influence exercised upon him by or for her, that he had independent legal advice and that she was not his nurse. These findings completely cover all the material facts in issue and they are sufficient to support the judgment.

Upon a reading of the transcript, we find no ground for the suggestion that the evidence does not sustain the findings. It appears clearly therefrom that the respondent did nothing whatever to induce the testator to make the will, indeed that she did not know that he intended to make the will and that she was unaware that he had made it in her favor until after

his death.   There is no evidence of a substantial character tending to show undue influence by her or any other person. Apparently it was the free act of the decedent.   The testimony as to the execution of the will in the forms prescribed by law was given by the two subscribing witnesses and it is clear and positive that all the necessary formalities were observed.   There is no cause shown in the record for interfering with the decisions of the court below.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.